E. A. Revell *v.* J. J. McCaughan.

*(Nashville.* December Term, 1930.)

Opinion filed June 10, 1931.

J. F. WILLIAMS and GALLELA & STANTON, for plaintiff in error.

McCORMICK & GRAVES, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for damages for injuries on account of alleged malpractice of a physician. The defendant pleaded a settlement for said injuries, under the compensation statute, by the employer in whose service plaintiff was engaged at the time the injuries were received. This plea was held good, the suit dismissed, and the plaintiff appealed.

The facts are not in dispute. On November 29, 1929, while in the employ of one Lanning as a carpenter, plaintiff met with an accident and the defendant herein, a physician, was engaged by Lanning to treat plaintiff's injuries, and did so. On April 1, 1930, the plaintiff sued his employer and the insurer of the latter under the compensation statute, and this suit was settled by the payment to plaintiff of $1100, on July 31, 1930, in full discharge of the employer and his insurer. The settlement was approved by the court, according to the provisions of the statute. Lanning had previously paid $300 to the plaintiff on account of compensation and $101.25 for plaintiff's hospital and doctor's bill.

The plaintiff's contention is that the present suit is a distinct cause of action to recover damages for the aggravation of the original injury caused by unskillful treatment and negligence of the defendant; and the settlement between plaintiff and his employer under the compensation statute did not operate as a settlement or release of plaintiff's claim against the physician who was not a party to that suit.

Plaintiff further maintains that the aforesaid settlement could not have included his claim for damages against the defendant, relying on *Quinn* v. *Railroad*, 94

Tenn., 713. That was a suit at law in which it was held that, having used reasonable care in the selection of a physician, the master was not liable to his servant for injuries resulting from the negligence of that physician. This case will be referred to hereinafter.

A consideration of the plaintiff's insistence necessitates an examination of his petition in the compensation case and his declaration in this case.

The petition in the former case averred that by reason of an accident arising out of and in the course of his employment the petitioner lost the index finger of his right hand and the first joint of the little finger of the same hand, receiving an injury which necessitated the amputation of the entire index finger and a portion of the little finger. It was further averred in that petition, by reason of complications arising, that plaintiff's blood became poisoned, that his arm had swollen and that he had suffered great pain and discomfort up to the time of the filing of the petition. It was alleged that because of the blood poison the remaining fingers of his right hand and his right arm and shoulder had become stiff and that his arm and hand had become a complete loss; that he was unable to work and that this condition was permanent, charging the entire loss of the use of his right hand and right arm he prayed for appropriate compensation under the Act.

The declaration in this case sets out the same injuries, with more elaboration, including the pain and suffering, and adding a charge of injury to the nervous system of the plaintiff. The declaration herein concedes the loss of the fingers, or portions of the fingers, to the accident, but ascribes the loss of the arm, the pain and other injuries to the malpractice and neglect of defendant, which is detailed.

The malpractice sued for herein is alleged to have occurred between November 29, 1929, the date of the accident, and December 16, 1929. It will be remembered that the petition in the compensation case was filed April 1, 1930, and settlement made in that case on July 31, 1930.

Undoubtedly the plaintiff, as petitioner in the compensation case, recovered for more than the loss of the first finger and a part of the little finger. Under section 28 of chapter 123 of the Acts of 1919, and chapter 40, Acts 1927, the maximum compensation which could have been allowed in that case for the loss of the first finger and the partial loss of the little finger was $680. As above stated, plaintiff was paid $1400 on account of compensation for his injuries in the former case.

 It seems to us that the plaintiff is cut off from any recovery in this suit by section 14 of the Workmen's Compensation Act, which is as follows:

"Be it further enacted, That whenever an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this Act the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employe in a suit brought for the purpose, from the other person in whom legal liability for dam-

ages exists, the indemnity paid or payable to the injured employe."

From what has been stated it appears that the injuries, for which the greater part of the compensation was paid, were injuries due to the negligence of the physician, according to the averments of the declaration before us. That is, the injuries for which compensation was in greater part paid were injuries sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto. Compensation for these injuries having been paid by the employer, the employee cannot sue the third party on account of the same. *McCreary* v. *Nashville, C. & St. L. Ry.*, 161 Tenn., 691; *Mitchell* v. *Usilton*, 146 Tenn., 149.

■ Insofar as the compensation paid covered damages which this employee might have collected from a third person, his employer became subrogated to the employee's rights against such third person. *American Mutual Liability Co.* v. *Otis Elevator Co.*, 160 Tenn., 248.

■ The acceptance of medical services tendered by an employer to an injured employee is compulsory upon the latter by section 25 of the Workmen's Compensation Act. *City of Nashville* v. *Latham*, 160 Tenn., 581. It is quite generally held, therefore, under Workmen's Compensation Acts that the employee may recover for a new injury or an aggravation of his injury, resulting directly and without intervening cause from medical or surgical treatment of a compensable injury. *Drengwitz* v. *Lincoln Park Coal, etc., Co.*, 317 Ill., 302, 39 A. L. R., 1270; *Booth & Flinn* v. *Cook*, 79 Okla., 280; *Bidnick* v. *Armour Co.*, 113 Kan., 277, and see cases collected in Note, 39 A. L. R., 1276.

It must be true, therefore, that an injury resulting from negligent treatment by the employer's physician of a compensable injury of the employee is an injury for which compensation is payable by the employer and the case made by the declaration falls under section 14 above quoted.

In *Quinn v. Railroad,* 94 Tenn., 713, heretofore mentioned, it was held that a master, having used due care in the selection of a physician to treat his injured servant, is not responsible for the negligence or malpractice of that physician. This, because a physician uses his own judgment in the treatment of a patient. Therefore, in the case stated, since the physician did not proceed under the direction and control of the master, he could not be regarded as the agent of the master and the master would not be responsible for the acts of the physician.

▮ Nevertheless, if one is injured by the negligence of another and these injuries are aggravated by the negligence of a physician, the negligence of the wrongdoer in causing the original injury is regarded as the proximate cause of the damage flowing from the subsequent negligent treatment by the physician. This is true even if the physician is selected by the injured person, provided due care is exercised in the choice of such physician. *Tex. & P. R. Co. v. Hill,* 237 U. S., 208, 59 L. Ed., 918; *Chicago City R. Co. v. Saxby,* 213 Ill., 274, 68 L. R. A., 164; *Rice v. Des Moines,* 40 Ia., 638, and other cases collected in Note, 8 A. L. R., 507.

So, even if the previous case had been a maintainable suit at law, instead of under the compensation statute, the employer could not have been heard to say that he was not responsible for the results of his physician's negligent treatment of the original injury. A cause of action could not have been based upon negligent treat-

ment, but the employer would have been liable for the results of the medical treatment, whether it was negligent or otherwise.

Authorities relied on by the plaintiff herein may be readily distinguished with the exception of *Viita* v. *Fleming,* 132 Minn., 128, L. R. A. 1916D, 644. In that case the Supreme Court of Minnesota apparently held that the employer was not liable for negligent medical treatment of a compensable injury and that after payment of compensation by the employer under the statute, a suit might still be maintained against the doctor. The provisions of the Minnesota compensation statute, however, were not set out.

The judgment below must be affirmed.