INTERNATIONAL HARVESTER CO. OF AMERICA *v.* C. S. SCOTT.

(*Nashville,* December Term, 1931.)

Opinion filed December 19, 1931.

CHANDLER, SHEPHERD & OWEN, for plaintiff in error.

LUTHER GRAVES, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The issue presented by this appeal from an award of compensation for permanent disability in the use of a hand, relates to the proportionate disability adjudged by the trial Judge of fifty per cent. Scott was an employee and injured in the hand by an accident in the course of his employment. The injury was to a finger. He was treated by the Company's physicians, and after some discussion and delay, one of them amputated the first phalange of the middle finger, but the proof indicates that this operation was unsuccessful in that a "painful stump" was left, apparently due to the failure to amputate far enough to provide a sufficient flap or pad at the finger end. It is practically conceded that there is material evidence to sustain the finding that the use of the hand was impaired fifty per cent at the time of the trial, but it is claimed, (1) that the injury and consequent disability arising from the accident has been aggravated by the mistaken treatment given the injured finger, first, in amputating at all, and next in failing to amputate ef-

fectively; and, (2) that the impairment or disability is not necessarily permanent, on the theory that the proof indicates that further amputation of the finger, that is a second operation, would reduce the extent of the disability in the use of the hand as a whole.

We are of opinion that the first of these insistences is met by the opinion of this Court in *Revell* v. *Mc-Caughan*, 162 Tenn., 532. The opinion in this case had not been handed down when this case was tried below. It so directly disposes of the contention here made on this point, that is, the defense based on aggravation of the disability by medical or surgical treatment, that we think it probable that learned counsel would not have relied upon this defense had the decision in the Revell case, *supra*, been before them. Mr. Justice GREEN, in his opinion in the Revell case, notes the fact that the acceptance of medical services tendered by an employer is compulsory under Section 25 of the Compensation Act, and he follows a number of cases cited in holding that the employee may recover for a new injury, or an aggravation of his injury, resulting directly and without intervening cause from medical or surgical treatment of a compensable injury. One of the cases relied on by counsel in the instant case, *Viita* v. *Fleming*, 132 Tenn., 128, is discussed, but in effect disapproved.

With respect to the second contention, our statute and holdings go no further than to recognize and enforce the right of the employer to demand that the injured employee submit under reasonable circumstances to an operation which reasonably assures relief from the effects of the injury without serious likelihood of danger to the employee. There is no evidence in this record that

any demand had been made by the employer that the employee submit to a further operation, and no offer had been made by the employer to meet the expense thereof. This Court has discussed phases of this question in *DuPont Rayon Co.* v. *Bryant,* 160 Tenn., 362, 365; *Kingsport Silk Mills* v. *Cox,* 161 Tenn., 470, and *Crane Enamelware Co.* v. *Dolson,* 152 Tenn., 401, 405. In the Kingsport Mills case, *supra,* in answer to the insistence that an operation would greatly reduce petitioner's disability, the Court said, "The physicians differ about this, and, furthermore, no legal demand for an operation was made by the employer."

We are advised of no rule or authority which, under such circumstances, requires that the award be reduced upon a mere showing on the hearing that an additional operation might reduce the extent of the disability.

█ The suggestion made, for the first time in this Court, by counsel for Scott that the award made by the trial Judge should be increased cannot be entertained, both because no such question was presented for the consideration of the trial court, and also because there is no appeal here on behalf of the petitioner below.

It results that the judgment must be affirmed.