ALLEN KEEN *v.* DR. G. M. ALLISON.

(*Nashville,* December Term, 1932.)

Opinion filed May 20, 1933.

H. A. Luck and B. L. Alder, for plaintiff in error.

Cornelius & McKinney, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

Plaintiff brought this suit against defendant for injuries sustained as the result of malpractice. Defendant pleaded that, for the injuries upon which the suit was based, the plaintiff had already brought suit under the Workmen's Compensation Statute against his former employers, that said claim against said employers had been compromised and settled, and that plaintiff was precluded by such settlement, approved by the court, from maintaining this action.

To this plea plaintiff interposed a replication in which he averred that ''in said settlement it was expressly agreed between plaintiff and his employers and their insurer that said employers and insurer waived any right they had to subrogation against the defendant in this case, and that no part of the compensation paid plaintiff in said settlement was for loss of time and injuries suffered by plaintiff because of the negligence of the de-

fendant in this case, and the settlement thus made, including the contract above stated, with its reservations, was upon proper petition ratified and adjudicated by the Circuit Court, Davidson County, Tennessee, as a proper settlement and just compensation to plaintiff with the reservations therein contained."

Defendant entered a motion to strike the replication upon the ground that it raised an immaterial issue and, this motion being treated by the court as demurrer, was sustained. Plaintiff thereupon appealed.

Although suggested in argument, the settlement between plaintiff and his employers cannot be relied on as a bar to plaintiff's suit herein upon the theory that the release of one tortfeasor discharges the other. Plaintiff's recovery in the compensation suit was upon contract, under repeated decisions of this court. It does not appear that plaintiff's original injury, for which he received compensation, was brought about by any negligence or tort of his employers. If such was the case, that circumstance would be immaterial so long as plaintiff's injuries arose out of and in the course of his employment.

If the award of compensation to the plaintiff in the other case bars this suit, such result is only accomplished by reason of the provisions of section 6865 of the Code, as follows:

"Whenever an injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation or proceed at law against such other person to recover damages, or proceed against both the

employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this chapter, the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person against whom legal liability for damages exists, the indemnity paid or payable to the injured employee.''

This section of the Code has been considered in several cases and it is well settled that an employee who receives workman's compensation for an accident contributed to or brought about by the negligence of the third party, upon collecting such compensation, loses his right, in his own behalf, to sue such third party for damages. This right of action against the third party passes to the employer by statutory subrogation. This is undoubtedly the rule when the employee collects compensation from his employer without reservation or exception of the right of action against the third party, or without waiver of the right of subrogation by the employer. *Mitchell* v. *Usilton,* 146 Tenn., 419; *City of Nashville* v. *Latham,* 160 Tenn., 581; *American Mutual Liability Co.* v. *Otis Elevator Co.,* 160 Tenn., 248; *McCreary* v. *Nashville C. & St. L. Ry.,* 161 Tenn., 691; *Revell* v. *McCaughan,* 162 Tenn., 532.

In *Revell* v. *McCaughan, supra,* an employee whose injuries were aggravated by malpractice of a physician, made a settlement with his employer and thereafter brought a suit similar to this one against the physician. We expressed the opinion the original injury was the proximate cause of the damage flowing from the subsequent negligent treatment by the physician and that the

employee was entitled to recover in the compensation case from his employer for the aggravated injury. This being true, the ultimate injury for which the employer settled was an injury sustained under circumstances "creating in some other person than the employer a legal liability to pay damages in respect thereto." Therefore, under the provisions of section 6865 of the Code, the employee had his election to recover compensation from his employer or to sue the wrongdoer in tort, but he was not "entitled to collect from both." There was no reservation or waiver in that case.

The original injury of the employee in *Revell* v. *McCaughan* was an injury for which the Compensation Act prescribed scheduled compensation. In the settlement made, the employee received an amount much greater than he would have obtained under the schedule. It was carefully pointed out in the opinion that the pleadings and the judgment of the court in the compensation case disclosed that the employee claimed and received compensation for his injury as aggravated by the negligence of the doctor. The replication negatives any such scope for the settlement here pleaded, if that were controlling.

Workmen's compensation provided by our statute is a form of accident insurance. Were it not for section 6865 of the Code, above set out, we presume that an employee, for injuries sustained by an accident arising out of and in the course of his employment, such accident having been brought about or contributed to by a negligent third party, could recover compensation without prejudice to his right to recover damages likewise from the third party. As noted in *Bristol Telephone Co.* v. *Weaver,* 146 Tenn., 511, the Workmen's Compensation Act was passed for the benefit of employers and em-

ployees. The statute is little concerned with the rights of third parties, negligent wrongdoers. Section 6865 is clearly a provision for the benefit of the employer to prevent the employee recovering damages for injuries inflicted upon him by a third party and at the same time recovering compensation from his employer for such injuries; to give the employer, paying compensation under such circumstances, a right of indemnity against the wrongdoer inflicting the damages.

We find nothing in the policy of the law to prevent an employer waiving his aforesaid right of subrogation. No rights of the wrongdoer are affected. So far as he is concerned, it is not for him to say whether he be called upon to respond in damages at the suit of the employer or at the suit of the employee. The right of action against the wrongdoer accrues to the employee. The employer paying compensation may take this right of action from the employee or he may leave it with the employee. If, in the settlement between the employer and the employee, it is agreed that the right of action against the third party shall be left with the employee, we see nothing in such an agreement of which the third party can complain.

Under statutory provisions similar to section 6865 of the Code, it has been held in other jurisdictions that the employer and the employee might enter into a settlement whereby the employee reserved his right of action against the third person and whereby the employee agreed that if he recovered damages in the action against the third person he would reimburse the employer.

The matter is rather fully discussed in *Wright* v. *Lindsay* (1911), 49 Scot. L. R., 210:

"The Lord Justice Clerk said: 'Now, the question in

the circumstances of this case is whether the pursuer has so "recovered" compensation that he is barred from proceeding in his action. Looking to the arrangement made, it appears to me that what the pursuer has received is not compensation recovered under the act. It is of the nature of a sum advanced by the employers under conditions which exclude the idea of its being a final acceptance of compensation under the act. The arrangement is in every sense reasonable and humane. The employer knows that if his servant cannot get damages from the alleged wrongdoer, he must provide compensation. But, as the litigation for damages is a long and protracted proceeding, he arranges with the workman: "I will give you now what corresponds to what would be my liability, so that you may be supported; but you must engage to me to return me what I advance, if you are successful in getting the fuller compensation from the wrongdoer." I am of opinion that payments made under such arrangement are no bar to the action at law.'

"Lord Salversen said: 'Where a payment is made by an employer to his workman on the footing that he shall be entitled to recover damages at common law against third parties, and that the sums which the employer has disbursed are to be repaid out of any damages which he may so recover, I think the case is entirely different. The compensation so paid is in the nature of an advance by the employer for the maintenance of the pursuer, pending proceedings to make good his claim, and is only accepted as in full of the workman's right under the act against his employer, in the event of his claim against the third party being unsuccessful. I cannot think that it was ever intended that the act should make ineffectual an arrangement of this kind, eminently reasonable from

the point of view of both workman and employer, and in the interests of both.' ''

To like effect are *McArthur* v. *Dutee W. Flint Oil Co., Inc.* (R. I.), 146 Atl., 484, and *Kelly* v. *North British R. Co.* (1915), 53 Scot. L. R., 53.

As observed in *American Mutual Liability Co.* v. *Otis Elevator Co., supra,* the Workmen's Compensation Statute of Indiana contains a provision almost identical with section 6865 of the Code of Tennessee. The Appellate Court of Indiana, notwithstanding this statutory provision, held that the employer might make a gift to the employee of the amount agreed upon and approved by the Industrial Board as compensation under the Act and that acceptance of such gift would not impair the employee's right of action against the negligent third party. The court said:

"We have no doubt but that an employer may make a gift to an injured employee of the amount which he might be entitled to as compensation under the act, and that the employee may accept such gift without in any wise affecting his right to maintain an action against some other person whose negligence caused the injury. Of course appellee and his employer had a right to enter into an agreement concerning compensation, and to have the same approved by the Industrial Board, without affecting appellee's right to sue for and collect damages from appellant." *Pittsburgh, C., C. & St. L. R. Co.* v. *Keith,* 146 N. E., 872.

The reasoning of the Scotch cases and the Rhode Island case seems irrefragable so far as they go, but we think the Indiana Court caught the true spirit of the statutory provision. The wrongdoer can only be held for such damages as he has inflicted, whether sued by

Page Header

employer or employee. A settlement in which the employee, collecting compensation, reserves his right of action against the third party and in which the employer waives his claim of subrogation to that right of action is *res inter alios acta* as to such third party. He suffers no legal wrong thereby. In any event the extent of his liability "is the right of the injured person to damages under the general law of torts." *American Mutual Liability Ins. Co.* v. *Otis Elevator Co., supra.* If the suit against the wrongdoer is by or for the employer, the statute limits his recovery to the amount of compensation paid by him. Such a recovery makes the employer whole and he should not have profit out of the transaction. Neither the statute nor the analogies of the law, however, would deprive the employee of the right to recover full damages for a tortious injury inflicted upon him merely because he was likewise protected by a species of insurance.

In our view of the case, the defendant herein has no standing to question the motives that influenced and the considerations that supported the settlement between plaintiff and his employer. The settlement was approved by the court. Defendant's liability to plaintiff is just what it was before compensation proceedings were begun. The judgment in the compensation case relieved defendant of liability in the premises to anyone else.

In *City of Nashville* v. *Latham, supra,* we held the employee might accept medical services provided by statute at the employer's expense without prejudice to his right of action against the third party.

Reverse and remand for further proceedings.