Roy M. Garrison

*v.*

Conrad L. Graybeel.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Van Derveer & Parks, Chattanooga. for appellant.

O. W. McKenzie, Dayton, Duggan & Washington, Athens, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a common law action for damages for alleged malpractice, and the error assigned is to the action of the trial judge in sustaining the defendant's plea in abatement to the plaintiff's declaration.

The declaration alleges the following facts:

"That he is a citizen and resident of Rhea County, Tennessee, and for many years has been engaged in the contracting business and/or earned his living, and supported his family, as a carpenter. That the defendant is also a citizen and resident of Rhea County, Tennessee, and is engaged in the general practice of medicine with his office located in Spring City, Tennessee.

"That on or about the 16th of July, 1956, while engaged in certain work he suffered a very minor injury in that a nail penetrated his left hand. Shortly there-

after he was sent, or did go, to the office of the defendant for treatment. That there the defendant did bind or wrap up his wound and, in addition thereto, did give him an injection of tetanus anti-toxin serum.

"That thereafter he did return to his normal duties but experienced sensations that were strange and foreign in that a reaction, soreness and a glandular enlargement took place in his arm and side. That he again contacted the defendant as his condition grew progressively worse, the glandular enlargement, soreness and pain spreading to his neck and shoulders. That his condition continued to grow progressively worse so that on or about the 31st day of July, 1956, he was admitted to Memorial Hospital in Hamilton County, Tennessee, where it was determined that the upper part of his body was partially paralyzed; that he remained in the hospital until on or about the 20th day of August, 1956, whereupon he was released, his body still in a partially paralyzed condition. He further alleges that his condition is permanent—that medical science knows no cure.

"He alleges that the direct and proximate cause of his condition was the wrongful, careless, illegal, negligent and incautious administration of the tetanus anti-toxin serum, in that the defendant (1) without proper medical justification administered the serum; (2) failed to obtain any, or an adequate or complete, history; (3) failed to obtain any, or an adequate or complete medical history; (4) wrongfully, carelessly, illegally, negligently and incautiously attempted to give a sensitivity test; (5) after attempting to give a sensitivity test failed to wait a sufficient length of time to determine the reaction; (6) wrongfully, carelessly, illegally, negligently and incau-

tiously administered the serum with a positive history of personal and familiar allergy; (7) failed to take adequate precautions during and after the administration of the drug; (8) that the defendant knew, or should have known, that in the natural course of events mischievous consequences could be expected to occur unless necessary and adequate precautions were taken, to prevent such consequences, but that the defendant illegally, wrongfully, carelessly, negligently and incautiously failed to take the necessary and adequate precautions.

"He alleges that his condition is so serious, and of such a nature, that he will never completely recover therefrom but will forever remain sick, sore, lame, disfigured and disordered."

The defendant filed the following plea in abatement:

"The plaintiff was an employee of J. B. McCrary Co., Incorporated, on the date he received this injury and this plaintiff employee and the said employer had elected to and was bound by the previsions of the Tennessee Workman's Compensation Act. The alleged injury for which this plaintiff sues grew out of his employment as the employer had retained or employed this defendant prior to this injury to render any and all medical aid to their employees who were injured while working for him within the scopes of their employment.

"This plaintiff has received compensation for the injury as alleged and is now drawing compensation for said injury from the said employer and the insurance company who is carrying the said employer's insurance as required by said Tennessee Workman's Compensation Act and as this plaintiff has elected to draw this compensation from his employer, he cannot recover or main-

tain this common law action. The employer is liable for a new injury or an aggravation of employee's injury resulting directly and without intervening causes from medical or surgical treatment of a compensable injury as the acceptance of medical service tendered by an employer to an injured employee is compulsory upon the said employee by Section 25 of the Workman's Compensation Act, T.C.A. sec. 50-1004. Therefore, if the defendant was negligent in his treatment of said injured employee, the injury is compensable under the Workman's Compensation Act and payable by employer as the case made by the declaration and injuries for which plaintiff sues are the same injuries he had and is now drawing compensation.

"This defendant pleads estoppel by election to maintain this suit at law.

"The Workman's Compensation Act, Section 8, provides as follows:

"Williams Code, Section 6859. Tennessee Code Annotated 50-908:

" '50-908. Right To Compensation Exclusive.—The rights and remedies herein granted to an employee subject to the Workmen's Compensation Law on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.'

"Since the plaintiff and his employer has elected to be bound by the provisions of the said Act and the employer has complied with said Act and the plaintiff.employee has and is now receiving benefits under said Act

as provided by the Statute, he cannot maintain this suit for the aggravation of an injury sustained by him for which he was treated by this defendant.''

In addition to the foregoing plea the parties entered into the following stipulation:

''It is stipulated by and between the parties that the defendant, Dr. C. L. Graybeel, a general practitioner, was retained or employed by the J. B. McCrary Company, Incorporated, prior to the date of the alleged injury to the plaintiff, to render medical services, if, when, and as needed, to the employees of said company in addition to his general practice. His employment was on a fee basis and the defendant was not, prior to, nor at the time he treated the plaintiff, a salaried employee of said company. It is further stipulated that the defendant, Dr. C. L. Graybeel, is a general practitioner engaged in the general practice of medicine in the city of Spring City and, as such, engages in a general medical practice maintaining his own office and otherwise acts and conducts himself as a general practitioner.''

To the foregoing plea the plaintiff demurred on the ground ''that the same is not sufficient in law to abate plaintiff's action.'' The trial judge sustained the plea in abatement and dismissed the plaintiff's suit.

There are two sections of the Code which appear to be applicable to the question made on this appeal. The defendant's plea in abatement relies on 50-908, T.C.A., above quoted. This foregoing section of the Code was amended by the Acts of 1949, and brought into T.C.A. under sec. 50-914. This amendment reads as follows:

"When the injury or death for which compensation is payable under the Workmen's Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, or his dependents, shall have the right to take compensation under such law and said injured workman, or those to whom the right of action survives at law, being dependents, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman, or those to whom the right of action survives, being dependents, by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the amount paid or payable under such law, and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party must be instituted in all cases within one (1) year from the date of the injury. Failure on the part of the injured workman, or those to whom the right of action survives, being dependents, to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman, or those to whom the right of action survives, being dependents, may have against any other party for such injury or death, and such employer may enforce same in his own name or the name of the workman, or those to whom the right of action survives, being dependents, for such employer's benefit as his interest may appear, by proper action in any court of competent jurisdiction, and

574

shall have six (6) months after such assignment within which to commence such suit."

It cannot be doubted but that prior to the amendment, above quoted in full, the injured employee was restricted in his right of action to the provisions of Code, Section 50-908. This court stated clearly and concisely the effect of the foregoing amendment (50-914), as follows:

"The 1949 amendment was undoubtedly enacted for the purpose of changing this situation by (1) allowing the injured parties to receive from the employer the amount awarded by the statute and (2) at the same time assert his claim against the third party as an alleged wrongdoer for the full measure of damages suffered with (3) the employer having a lien upon the recovery or settlement to the extent of the amount paid by such employer to the employee, or his dependents, under the provisions of the Workmen's Compensation Law; and (4) if the employee or his dependents had not asserted claim against the third party within one year, then, by way of subrogation, the right is given the employer to recover from such third party damages in an amount not to exceed the amount paid or payable by that employer to its employee, or dependents." *Millican v. Home Stores*, 197 Tenn. 93, 98, 270 S.W.2d 372, 374.

The sole determinative issue is whether or not Dr. Graybeel is a "third party" wrongdoer, or "some person other than the employer" and for whose negligence there is legal liability for damages in favor of the injured employee.

■ All the relevant and material averments in the plea in abatement are, by the demurrer, admitted to be true. Thus we are bound by the admission that the "plaintiff employee and the said employer had elected to and was bound by the provisions of Tennessee Workmen's Compensation Act", and furthermore that the defendant, Dr. Graybeel, was also an employee of the same employer, J. B. McCrary Co., Inc., prior to the date of the alleged injury, to render medical service if, when and needed to the employees of said company in addition to his general practice. His status as an employee is not determined by the fact that he "was on a fee basis" rather than as a salaried employee. The fact remains that both the plaintiff and the defendant were employees of the J. B. McCrary Co., Inc.

■ Prior to the passage of the amendatory Act of 1949 our cases informally held that an injured employee's exclusive remedy was under the Workmen's Compensation Statute. This is still his exclusive remedy except where his injury is proximately caused by a third party other than the employer. The opinion of Mr. Justice Tomlinson in *Millican v. Home Stores, supra,* above quoted is a clear and unambiguous statement as to the purpose and effect of the statute as amended by 50-914.

In *Millican v. Home Stores* the widow of the deceased employee settled her suit against the "third party" and this Court held that while the corporate employer "had not consented to such settlements" it nevertheless remained liable for full compensation, less a credit equal to the amount of money actually collected in compromise of claims against the third party. Of course, in the Millican case, the third party and the deceased employee were

not employed by the same master. But the decision clearly illustrates the rights of the respective parties under the same or similar circumstances.

Now in the case at bar the alleged negligence of the defendant, Dr. Graybeel, is clearly imputable to the common employer, the J. B. McCrary Co. Thus in *Revell v. McCaughan,* 162 Tenn. 532, 39 S.W.2d 269, 271, a case similar in all respects to the present action, it was said:

"So even if the previous case had been a maintainable suit a law, instead of under the compensation statute, the employer could not have been heard to say that he was not responsible for the results of his physician's negligent treatment of the original injury. A cause of action could not have been based upon negligent treatment, but the employer would have been liable for the results of the medical treatment, whether it was negligent or otherwise."

Now in the case at bar the plaintiff seeks no recovery from the common employer based upon a fellow employee's negligence. But his suit is for damages resulting from a negligent act which aggravated the original compensable injury.

■ We know of no case where an employee, who is entitled to workmen's compensation, holding that he may sue his said employer at common law. In fact our statute (50-908, T.C.A.) expressly excludes such an action. But the question made in the present suit is this: may he sue at common law a "fellow employee" as a third party other than his employer for the injury? Our case of *Keen v. Allison,* 166 Tenn. 218, 60 S.W.2d 158, seems to give an answer in the affirmative. This suit was

brought against a physician for damages under the common law after he had compromised and settled his suit for compensation. It was there "expressly agreed between plaintiff and his employers and their insurer that said employers and insurer waived any right they had to subrogation against the defendant (doctor) in this case, and that no part of the compensation paid plaintiff in said settlement was for loss of time and injuries suffered by plaintiff because of the negligence of the defendant". The compensation settlement thus entered into was approved and ratified by the Circuit Court. Thus it was that the employer and its insurance carrier waived their right to subrogation. The importance of this decision is that the offending doctor, servant and employee of the same employer as the plaintiff was duly recognized as a "third party" and liable to be sued at common law for his negligence.

In the case at bar the plaintiff is given the right to accept compensation and sue at common law for negligent injuries proximately caused by a third party, one other than his employer; and the employer, having paid compensation, is subrogated to the employee's right against the third party defendant. In *Keen v. Allison, supra,* the Court quotes with approval the following statement by the Appellate Court of Indiana:

"'We have no doubt but that an employer may make a gift to an injured employee of the amount which he might be entitled to as compensation under the act, and that the employee may accept such gift without in any wise affecting his right to maintain an action against some other person whose negligence caused the injury. Of course appellee and his em-

ployer had a right to enter into an agreement concerning compensation, and to have the same approved by the Industrial Board, without affecting appellee's right to sue for and collect damages from appellant.' *Pittsburgh, C., C. & St. L. R. Co. v. Keith,* 89 Ind.App. 233, 146 N.E. 872.''

Continuing Mr. Chief Justice Green makes this further comment:

''* * * If the suit against the wrongdoer is by or for the employer, the statute limits his recovery to the amount of compensation paid by him. Such a recovery makes the employer whole, and he should not have profit out of the transaction. Neither the statute nor the analogies of the law, however, would deprive the employee of the right to recover full damages for a tortious injury inflicted upon him merely because he was likewise protected by a species of insurance.''

Additional authority in support of the plaintiff's contention is *Revell v. McCaughan, supra.* In this case it is said:

''The acceptance of medical services tendered by an employer to an injured employee is compulsory upon the latter by section 25 of the Workmen's Compensation Act (Pub.Acts 1919, c. 123). *City of Nashville v. Latham,* 160 Tenn. 581, 28 S.W.2d 46. It is quite generally held, therefore, under Workmen's Compensation Acts that the employee may recover for a new injury or an aggravation of his injury, resulting directly and without intervening cause from medical or surgical treatment of a compensable injury. *Drengwitz v. Lincoln Park Coal, et., Co.,* 317 Ill. 302, 148 N.E.

79, 39 A.L.R. 1270; *Booth & Flinn v. Cook,* 79 Okl. 280, 193 P. 36; *Bidnick v. Armour Co.,* 113 Kan. 277, 214 P. 808; and see cases collected in note, 39 A.L.R. 1276.''

We think the foregoing decisions are applicable to the present controversy. Moreover, the amendatory Act of 1949, upon which the plaintiff rests his case, is in effect a liberalization of the Compensation Act, and in conformity with prior opinions, to which we have referred. As indicating the great diversity of opinion among appellate courts in foreign jurisdictions, see 41 Am.Jur. (Physicians and Surgeons), Section 136, p. 251; also 19 A.L.R. 793; 88 A.L.R. 692; and 106 A.L.R. 1059.

The case of *Majors v. Moneymaker,* 196 Tenn. 698, 270 S.W.2d 328, should be distinguished from the case at bar. In that case the plaintiff and the defendant were servants of the same corporation, engaged in the same or similar duties at the time of the accident. In the case at bar the plaintiff was a carpenter, while the defendant was a skilled physician, or supposed to be, and his services had no relation to the employer's business. It was wholly foreign to any work that was being performed by the plaintiff or any other employee. It does not control the question under consideration.

The assignment of error is sustained and the case remanded for further proceedings consistent with his opinion.