Mattie L. McALISTER, Appellant,

v.

**METHODIST HOSPITAL OF MEMPHIS, Appellee.**

Supreme Court of Tennessee.

May 2, 1977.

OPINION

HENRY, Justice.

The sole issue in this hospital malpractice action is whether a hospital employee, covered by the Workmen's Compensation Act, who suffers an injury arising out of and in the course of her employment, may bring a common law action against the hospital for negligent treatment. The trial judge responded in the negative, holding that the Workmen's Compensation Act provided the exclusive remedy. This action is before this Court on interlocutory appeal, the trial judge having certified the above issue as a controlling question of law, pursuant to Sec. 27–305, T.C.A.

I.

The injured worker filed her complaint in the Circuit Court at Memphis, against the defendant Hospital and two treating physicians.[1] She alleged an "on-the-job injury to her back", her consultation with a physician who caused her to be admitted to the hospital, the performance of a myelogram followed by a laminectomy, and a resulting infection and/or inflammatory condition at the operative site. Her cause of action is grounded upon lack of informed consent and assault and battery. She alleges permanent and total injuries and an attendant destruction of earning capacity.

Methodist Hospital moved to dismiss for failure to state a claim upon which relief can be granted in that a proceeding under the Workmen's Compensation Act was plaintiff's exclusive remedy. The trial judge sustained this motion, certified the controlling question of law summarized above, and we, in the exercise of our discretion, have elected to hear and determine the controversy because it presents a question of first impression in this jurisdiction.

Max D. Lucas, Jr., Kirkpatrick & Lucas, Memphis, for appellant.

Gavin M. Gentry, Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for appellee.

II.

The Workmen's Compensation law is written into every contract of employment between an employer and employee subject

[1] The liability of the two physicians is not before the Court. In the factual narration we omit all but the necessary references to them.

to its provisions. *Scott v. Nashville Bridge Co.*, 143 Tenn. 86, 223 S.W. 844 (1920). The rights and remedies granted to employees "exclude all other rights and remedies". Sec. 50–908, T.C.A. An injury within the meaning of the act must arise out of and in the course of employment. Sec. 50–902(d), T.C.A. The benefits under the act extend to medical and surgical treatment and hospitalization occasioned by the injury. Sec. 50–1004, T.C.A.

■ The injured worker may recover for a new injury or an aggravation of a compensable injury, resulting directly and without intervening cause from medical or surgical treatment of a compensable injury. *International Harvester Co. v. Scott*, 163 Tenn. 516, 43 S.W.2d 1065 (1932). The rationale of this rule is that the "original injury is regarded as the proximate cause of the damage flowing from the subsequent negligent treatment by the physician." *Revell v. McCaughan*, 162 Tenn. 532, 538, 39 S.W.2d 269, 271 (1931). See also *Mallette v. Mercury Outboard Supply Company*, 204 Tenn. 438, 321 S.W.2d 816 (1959). This rule applies to the general field of tort law. *Transports, Inc. v. Perry*, 220 Tenn. 57, 441 S.W.2d 1 (1967).

Thus, it is clear under these authorities that Methodist Hospital of Memphis is liable under the Workmen's Compensation Act, not only for the initial injury, but also for the injuries sustained as a result of the treatment for those injuries—and this quite aside from any question of negligence. There is no dispute as to this proposition— indeed this is the central assertion of the hospital's defense.

■ The issue before the Court is whether the remedy under the Workmen's Compensation Act is exclusive.

In *McDonald v. Dunn Const. Co.*, 182 Tenn. 213, 185 S.W.2d 517 (1945), this Court held emphatically that "if an employer has complied with the provisions of the Workmen's Compensation Act, he is not subject to suit for negligence at common law, since the Act provides remedies which are exclusive." 182 Tenn. at 222, 185 S.W.2d at 520.

However, neither this case, nor Sec. 50–908, T.C.A. answers the question with finality.

Sec. 50–914, T.C.A. provides in pertinent part:

When the injury or death for which compensation is payable under the Workmen's Compensation Law was caused under circumstances creating a legal liability against *some person other than the employer* to pay damages, the injured workman, or his dependents, shall have the right to take compensation under such law, and such injured workman, or those to whom his right of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person . . . (Emphasis supplied).

The effect of Sec. 50–908, T.C.A. and Sec. 50–914, T.C.A., when read together, is that workmen's compensation is the exclusive remedy, except where the injury is caused by a third party. *Garrison v. Graybeel*, 202 Tenn. 567, 308 S.W.2d 375 (1957).

The question arises, as to the meaning of the phrase "some person other than the employer". The Act contains no definition. This Court, in *Majors v. Moneymaker*, 196 Tenn. 698, 270 S.W.2d 328 (1954) held that a fellow worker engaged in the scope of his employment is not a "third person" and is not subject to an action at common law.

In *Garrison v. Graybeel, supra*, a malpractice action, both the injured claimant and the defendant were employees of the same company, the former a carpenter, the latter a physician. The Court permitted the suit against Dr. Graybeel and distinguished this case from *Majors v. Moneymaker, supra*, on the basis that in the latter case the employees were engaged in the same or similar duties at the time of the accident, whereas in *Garrison* the physician's services "had no relation to the employer's business." This case stands for the proposition that an injured workman may receive compensation under the act *and* sue the physician for negligent treatment of the compensable injury. It is, however, out of harmony with the general rule and must be confined to its own facts.

Appellant plausibly and persuasively urges upon the Court the proposition that Methodist Hospital of Memphis appears in this record in two capacities, i. e. as an employer and as a hospital. In the first instance there arises the relationship of master and servant; in the latter that of hospital and patient. She reasons that had she been treated at another hospital it would have been "some person other than the employer" and she could have maintained her common law action, even though her injury occurred during the course of treatment for a compensable injury. This is undeniably true. Further she says that the fact that she was an employee at the Methodist Hospital had nothing whatsoever to do with her being treated there—this was the decision of her physician. Finally, she insists that the Hospital was acting solely in its capacity as a hospital and not as her employer; and that as an employer the hospital is liable for workmen's compensation benefits and as a hospital it is answerable in tort.

This is the "dual capacity" doctrine, as designated by Larson, and delineated as follows:

Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers upon him obligations independent of those imposed upon him as employer. 2A Larson's Workmen's Compensation Law, Sec. 72.80 (1976).

Larson suggests that the "most striking example" of this doctrine is the California case of *Duprey v. Shane*, 39 Cal.2d 781, 249 P.2d 8 (1952), the authority upon which appellant places primary reliance.

The facts in *Duprey, supra*, are strikingly similar to the instant case. It was a malpractice action. Claimant was a nurse employed by the Shane Diagnostic Foundation. After receiving a compensable injury she was treated by her employer, and received new and further disability as a result of negligently administered treatment.

Sec. 3852 of the Labor Code of California is similar to Sec. 50–914, T.C.A. in that it gives the injured worker the right to sue for "all damages proximately resulting from such injury or death against *any person other than the employer.*" (Emphasis supplied). 249 P.2d at 13. In holding the employing and treating physician to be a "person other than the employer", the court said:

. . . [Defendants] claim, however, that the rule that the employee injured in an industrial accident can sue the attending physician for malpractice only applies when the doctor is a third person, and has no application where the attending physician is also the employer. There seems to be no authority directly in point on this question, but on principle and logic it would seem that it should make no difference to the liability of the doctor for malpractice whether the attending doctor is the employer or an insurance doctor. This fact should not affect the legal rights of the employee. Dr. Shane, it is true, was the employer of * * * [plaintiff]. As an employer it was his duty to secure compensation for his employee. That he did. As an employer he was under no obligation [under the circumstances shown here] to treat * * * [plaintiff] personally. Had he sent * * * [plaintiff] to the insurance doctor and had that doctor been negligent in treating the industrial injury, that doctor would have been liable for the malpractice. There seems to be no logical reason why the employer-doctor, when he undertakes to treat the industrial injury, should not be responsible in a civil action for his negligent acts in treating that injury. Once it is established that an action before the commission for the industrial injury is no bar to an action against the insurance doctor for malpractice, it would seem to follow that the employee does not lose his right to such an action simply because the employer who happens to be a doctor treats the injury. In such event, the employer-doctor is a 'person other than the employer'

within the meaning of section 3852 of the Labor Code above quoted. In treating the injury Dr. Shane did not do so because of the employer-employee relationship, but did so as an attending doctor, and his relationship to * * * [plaintiff] was that of doctor and patient. 249 P.2d at 15.

The appellant also relies upon *Jefferson Medical College Hosp. v. Savage*, 7 Pa. Cmwlth. 35, 298 A.2d 694 (1972). There the hospital secretary received a compensable injury resulting from a fall. After a successful treatment in the hospital, she was dropped into her bed after returning from therapy and her hip was dislocated. Subsequently, she received yet another injury while in the hospital. She instituted a tort action against the hospital and this action was settled by the hospital's insurance carrier.

Jefferson's compensation carrier sought to suspend the compensation agreement, taking the position that Jefferson, as employer, was entitled to be subrogated to the rights of the employee against Jefferson as a third party tortfeasor and to the extent of the compensation paid and payable.

The court addressed the identical issue we have in this case at bar, viz were the subsequent injuries resulting from the negligent acts of the Hospital while claimant was a patient compensable under the Workmen's Compensation Act, or were they only the basis of an extension of compensation? In addressing this question the court noted that "[t]he crucial factor in the present case is that Miss Savage's injuries in the hospital were *new and independent* injuries and were not an aggravation or extension of her injury sustained in her fall." (Emphasis supplied), 298 A.2d at 696. Therefore, the court held that the additional and different injuries received at the hospital were not compensable injuries occurring in the course of employment.

We do not consider this case to be authoritative. First, the injuries received in the case at bar were incident to the treatment and were of such character that they cannot be classified as new, or additional or different. Secondly, and mainly, under Tennessee Law, the injuries sustained in the hospital would have been compensable, whether new and independent or in aggravation of an existing injury.

This appeal must stand or fall upon *Duprey v. Shane, supra*, as we are cited to no other authority that would justify relief and our independent research discloses none.

It is the theory and insistence of the appellee that where an employer is liable under the Workmen's Compensation Act for the original or first injury to the employee, the employer is also liable under the act for any additional injuries caused by medical treatment. Appellee contends that the initial injury and the second injury (treatment) arose out of and in the course of employment. Therefore, it insists upon the exclusivity of the remedy provided under the Workmen's Compensation Act. Phrasing it another way the Methodist Hospital insists that if it is liable under the act, it isn't liable under the common law. As a general proposition our courts support these insistences.

The appellee relies upon *Lindsay v. George Washington University*, 108 U.S. App.D.C. 44, 279 F.2d 819 (1960), a case which arose under the Longshoremen's and Harbor Workers' Compensation Act, and which presented the question of whether the "exclusive remedy" provision of the act, as incorporated in 33 U.S.C.A. § 905, precluded an action of malpractice at the employer's hospital in the treatment of a compensable injury. The court responded in the affirmative.

It should be noted that 33 U.S.C.A. Sec. 905 is substantially similar to Sec. 50–908, T.C.A. It provides that "[T]he liability of an employer . . . shall be exclusive and in place of all other liability of such employer to the employee . . . ." Sec. 50–908, T.C.A. provides that "[t]he rights and remedies herein granted . . . shall exclude all other rights and remedies".

The Court concluded its opinion as follows:

Our conclusion is not altered by the fortuity that the employer . . . also operated the hospital where the professional services complained of were rendered. The employer is responsible in the particulars and to the extent specified by the Act for all legitimate consequences flowing from a compensable injury. That liability, so imposed, measures this plaintiff's entitlement. 279 F.2d 821.

Appellee also relies upon *Vogel v. Jones and Laughlin Steel Corporation*, 221 Pa.Super. 157, 289 A.2d 158 (1972). This was a malpractice action brought by an employee who had received a compensable injury. The principal issue, however, was whether the alleged aggravation of the original injury was one that occurred during the course of employment. Holding that there was a causal connection between the initial accident and the resulting injury, the court determined the claim to be compensable and, therefore, the tort action was barred. We do not regard this case as authoritative because, under Tennessee law, the initial injury is treated as the proximate cause of *all* damages flowing from the subsequent negligent treatment. *Mallette v. Mercury Outboard Supply Company, supra.*

We are also cited to the case of *Warwick v. Hudson Pulp & Paper Company, Inc.*, 303 So.2d 701 (Fla.App.1974). There the plaintiff was injured in covered employment and the injury was aggravated by treatment in a clinic operated by the employer. The court held:

. . . the Florida rule is that when an injury necessitates treatment and the treatment aggravates the original injury, such aggravation is compensable. It necessarily follows that if the employer is held liable as a result of the contract dictated by the statutory enactment, such employer is entitled to the immunity of common law liability prescribed therein". 303 So.2d at 702

Appellee cites cases decided under the Federal Employees' Compensation Act and, indeed, these cases are both analogous and persuasive. Title 5, Sec. 8116(c), U.S.C. reads in part as follows:

The liability of the United States or an instrumentality thereof . . . with respect to the injury or death of an employee is *exclusive and instead* of all other liability of the United States or the instrumentality to the employee. (Emphasis supplied).

This section has been construed to preclude an action by a government employee for negligent treatment by government physicians, *Sanders v. United States*, 387 F.2d 142 (5th Cir. 1967); to bar an action by an injured seaman employed by the United States against a public health service operated and owned by the United States, *Balancio v. United States*, 267 F.2d 135 (2d Cir. 1959); and to preclude an action against the United States by a federal employee whose injury was aggravated by government doctors in the course of treatment. *Berry v. United States*, 157 F.Supp. 317 (D.C.Or.1957). See also numerous cases on the exclusivity of the Federal Employees' Compensation Act cited under 5 U.S.C. § 8116.

As commented by then Chief Justice Neil, in *Garrison v. Graybeel, supra* :

We know of no case where an employee, who is entitled to workmen's compensation, holding that he may sue his said employer at common law. 202 Tenn. at 576, 308 S.W.2d at 379.

While appellant's brief and oral argument made at the bar of this Court are most persuasive, and there is much logic to the California Court's position in *Duprey v. Shane, supra,* our analysis of the issue leads us to the conclusion that this suit is barred by the express provisions of our compensation act.

■ We hold, that in the field of workmen's compensation law, and in suits by a worker against his employer, the initial injury is the cause of all that follows, even where there is superimposed upon the original injury, a new, or additional or independent injury during the course of treatment, negligent or otherwise. This conclusion is mandated by the provisions of Sec. 50–908, T.C.A., and the consistent holding of this Court.

■ Nothing in Sec. 50–914, T.C.A. may be construed to evince a legislative intent that an employer may ever be classified as a "third person", without doing violence to the plain language which permits common law suits against "some person other than the employer". The employer is the employer; not some person other than the employer. It is that simple. The injured workman is confined to the benefits provided by the Workmen's Compensation Act and may not sue his employer in tort.

This malpractice action against the Methodist Hospital of Memphis may not stand.

Affirmed.

COOPER, C. J., and FONES, HARBISON and BROCK, JJ., concurring.