LIBERTY MUTUAL INSURANCE
COMPANY, Appellant,

v.

O. K. STARNES, Appellee.

Supreme Court of Tennessee.

Feb. 13, 1978.

William F. Alley, Jr., Hodges, Doughty & Carson, Knoxville, for appellant.

Ward S. Whelchel, Jr., H. Douglas Nichol, Gillenwater & Whelchel, Knoxville, for appellee.

## OPINION

COOPER, Justice.

This is a workmen's compensation case. The sole issue presented is whether the appellee, O. K. Starnes, is entitled to benefits for asbestosis at the rates in effect on the date of his last injurious exposure to asbestos while employed at Bowaters Southern Paper Company (Bowaters) or at those in effect at the time he first became disabled as a result of the disease. The trial judge employed the latter rate, and Liberty Mutual Insurance Company, the insurance carrier for Bowaters, has appealed.

The appellee was employed by Bowaters as an insulation worker from 1956 until 1971. In the course of this employment, he was exposed to asbestos. After he left Bowaters, he had no further contact with the substance. In December, 1976, the appellee, who had been suffering increasingly from lung dysfunction, was diagnosed as

having asbestosis, a condition that is caused by the inhalation of asbestos particles. Asbestosis is listed as a compensable occupational disease in the version of T.C.A. § 50–1101 in effect in 1976. The trial judge found that the appellee has been disabled as a result of this condition since December 12, 1976, and that he is entitled to benefits from Bowaters under the provisions of the Workmen's Compensation Law. In awarding benefits, the trial judge employed the benefit schedule in effect on the date on which the appellee became disabled. The appellant contends that this was error, and that the award should be computed instead at the lower rates in effect in 1971, the time of the appellee's last injurious exposure to asbestos.

 Absent some indication of a contrary intent on the part of the legislature, the statute that determines the rights of the parties under the Workmen's Compensation Law is that in effect on the date of the accident or injury that provides the basis for the employee's claim. *See Cates v. T. I. M. E., DC, Inc.,* 513 S.W.2d 508 (Tenn. 1974). In the case of a claim arising from an occupational disease, the date of the "accident or injury" is the date on which the employee becomes partially or totally incapacitated for work. T.C.A. § 50–1105. *See Tennessee Products & Chemical Corp. v. Reeves,* 220 Tenn. 148, 415 S.W.2d 118 (1967); *Adams v. American Zinc Co.,* 205 Tenn. 189, 326 S.W.2d 425 (1959). By using this definition of "accident or injury" in connection with occupational diseases, the legislature has provided a certain, determinable date at which the afflicted employee's cause of action accrues, a matter of some importance in cases involving occupational diseases, where the time at which the disease is first contracted is often unknown, and the development of the disease slow. *See Semon v. George H. Flinn Corp.,* 4 App.Div.2d 908, 166 N.Y.S.2d 835 (1957); 4 Larson, Workmen's Compensation Law, § 95.21. This definition is in keeping also

with the purpose of the Workmen's Compensation Law to compensate the employee in part for what he has lost—*i. e.* his earning capacity at the time of his disability. 1 Larson, Workmen's Compensation Law, §§ 2.50, 3.30. Therefore, the applicable statute in cases involving occupational diseases is that in effect on the date on which the employee becomes disabled as a result of the disease, rather than that in effect on the date on which he was last exposed to the agent causing the disease.[1] Other jurisdictions have reached a similar result. *See, e. g., Dickow v. Workmen's Compensation Appeals Board,* 34 Cal.App.3d 762, 109 Cal. Rptr. 317 (1973); *Tucker v. Claimants in Death of Gonzales,* 546 P.2d 1271 (Colo.App. 1975); *Semon v. George H. Flinn Corp.,* 4 App.Div.2d 908, 166 N.Y.S.2d 835 (1957); *Bemis v. Taxaco, Inc.,* 400 P.2d 529 (Wyo. 1965).

The appellant contends that the use of the date of disability rather than the date of last injurious exposure to determine an employee's rights under the Workmen's Compensation Law will unduly burden employers by making their potential liability too uncertain. We do not find this argument persuasive. While it is true that an employer's potential liability for the future disability of a former employee increases upon an increase in the benefit rates, the resulting uncertainty in the employer's potential exposure is no different from that resulting from the possibility of an increase in the benefits payable to a current employee. However, even if there were merit to this argument, it would avail the appellant nothing. The clear statement of legislative intent in T.C.A. § 50–1105 that, in cases involving occupational diseases, the "accident or injury" shall be treated as having occurred on the date of disability, is determinative of the issue presented here.

In the instant case, the trial judge found that the appellee became incapacitated on December 12, 1976. The appellant does not

---

[1]. But *cf. Brown v. Consolidation Coal Co.,* 518 S.W.2d 234 (Tenn.1974), in which the sole question before the court was whether a final judgment may be corrected more than one year after entry, and in which the parties admitted, for the purposes of that action, "that the applicable rate schedule [was] that schedule in effect [on the date of last injurious exposure]."

question this finding. It follows that the appellee is entitled to benefits under the statute in effect on that date.

Accordingly, the judgment of the trial court is affirmed. The costs of this appeal will be taxed to the appellant.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.