**Violet I. SHOPE, Plaintiff-Appellant,**

v.

**ALLIED CHEMICAL CORPORATION
and Travelers Insurance Company,
Defendants-Appellees.**

Supreme Court of Tennessee.

Feb. 17, 1981.

Robert R. Campbell, Knoxville, for plaintiff-appellant.

Richard W. Krieg, Knoxville, for defendants-appellees.

OPINION

COOPER, Justice.

The appeal in this worker's compensation case is occasioned by the fact that the legislature increased the maximum weekly benefits for a compensable injury between the time the appellant sustained an accidental injury in the course and scope of her employment and the time that she ceased working as the result of her disability. The chancellor awarded benefits according to the schedule of compensation in effect at the time appellant sustained her accidental injury. We concur in this action.

It is undisputed that appellant sustained an injury to her right arm and shoulder on February 14, 1977, while working on an assembly line for Allied Chemical Corporation. Appellant reported to the company's first aid station for treatment, but did not seek medical attention, nor was she referred to a physician for treatment of her injuries. Appellant continued to work regularly until the middle of October, 1977, when she reported to her employer that she was unable to continue and asked for medical treatment.

"Q. Now, between February and October, Mrs. Shope, did you do your job?

"A. Yes, sir. I did everything.

"Q. And did—how did the symptoms from your injury progress during that period of time?

"A. It just kept getting worse. I just couldn't take medication of myself and keep working. I couldn't have worked if I hadn't done it.

"Q. And then what developed, then, by October of 1977, with regard to your ability to work or not to work.

"A. Well, they referred me to Dr. Beahm.

"Q. I don't want you to tell about seeing the doctor. But by mid October of 1977, what had developed in your body with regard to your ability to work or not to work.

"A. I couldn't work.

"Q. All right, and I think that we probably, in order to have a date, Your Honor, we can stipulate that October 17th is the first

date she was unable to work. Now, from October the 17th of 1977, Mrs. Shope, have you worked at all at Allied Chemical or anywhere?

"A. Yes, Sir. In March of '78 I worked two days, I believe, four hours, three or four hours."

There is an indication in the record that Mrs. Shope was treated by three physicians —Dr. Beahm, Dr. Bell, and Dr. Wolaver. The only direct medical evidence, however, is the testimony of Dr. John H. Wolaver, a psychiatrist, who first examined appellant in March, 1978, on reference from Dr. Bell.[1] Dr. Wolaver concluded appellant was suffering from a conversion neurosis precipitated by the pain in her right arm and shoulder from the "work" injury of February 14, 1977. He further testified that appellant did not respond to treatment and expressed the opinion that she is totally and permanently disabled.

The statute that determines the benefits to be paid a worker who is disabled as the result of an injury sustained in the course and scope of his employment, ordinarily, is the statute in effect at the time of the accident or injury[2] that is the basis for the employee's claim. *See Cates v. T.I. M.E., D.C., Inc.,* 513 S.W.2d 508 (Tenn. 1974).[3] Under the evidence in this case, that date was February 14, 1977. Appellant sustained an injury to her right arm and shoulder, which caused her severe and continual pain and is the basis of her present disability. The fact that appellant continued to work after her injury is commendable but is not effective to change the date for computation of benefits.

The decree of the chancellor is affirmed. Costs incident to the appeal will be paid by the appellant, Violet T. Shope, and her surety.

BROCK, C. J., and FONES, HARBISON and DROWOTA, JJ., concur.

---

1. A letter from Dr. Wolaver to the employer's insurance carrier indicates that Dr. Bell placed appellant's partial disability as the result of the February 14, 1977, injury at "5% to the body as a whole" from an orthopedic standpoint.

2. Where the worker's claim to benefits arises from an occupational disease, the date of the "accident or injury" is by definition the date on which the employee becomes partially or totally incapacitated for work. T.C.A. § 50–1105; *Liberty Mut. Ins. Co. v. Starnes,* 563 S.W.2d 178 (Tenn.1978).

3. *See also* T.C.A. § 50–902(c) which provides that "average weekly wages" used in the determination of worker's compensation benefits "shall mean the earnings of the injured employee in the employment in which he was working at the time of his injury during the period of fifty-two (52) weeks *immediately preceding the date of the injury* divided by fifty-two (52); ..." (emphasis supplied)