Rufus Edward **SWANGER**,
**Plaintiff-Appellee,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Defendant-Appellant.**

Supreme Court of Tennessee,
at Knoxville.

March 22, 1982.

---

H. Calvin Walter, Knoxville, for plaintiff-appellee; Walter, Gilbertson & Assoc., Knoxville, of counsel.

Francis A. Cain, Knoxville, for defendant-appellant; Key, Lee & Layman, Knoxville, of counsel.

## OPINION

HARBISON, Chief Justice.

In this worker's compensation case the trial court awarded the employee total permanent disability benefits as a result of coal worker's pneumoconiosis. The employer appeals, challenging the sufficiency of the evidence and the applicability of a 1972 amendment to the Federal Coal Mine Health and Safety Act of 1969. After consideration of the issues we are of the opinion that there was sufficient evidence to support the conclusions of the trial judge. His judgment is affirmed.

Appellee was employed in underground coal mining for a period of some thirty-two years prior to his termination of employment in March 1979. During the last eleven years of this period he worked for the appellant's insured, Gay Coal Company. Two physicians who examined the employee testified that he was totally and permanently disabled from employment in coal mining or any similar occupation by reason of pulmonary disease. A highly qualified thoracic surgeon and specialist in chest diseases testified that in his professional opinion appellee was suffering from coal worker's pneumoconiosis and was disabled as a result thereof. An equally well-qualified physician who examined appellee at the request of the insurer testified that he did not believe that appellee was suffering from pneumoconiosis, and he attributed his lung disease to excessive smoking. There was thus presented for evaluation by the trial judge a sharp conflict in the medical evidence.

Although the employee testified that he had been employed in coal mining for some thirty-two years, he admitted that there were periods of time when the mines were closed and when he temporarily followed other occupations. Relying upon a computer printout of appellee's earnings records as furnished by the Social Security Administration, the employer insists that appellee's total actual years of employment in underground coal mining amounted to "only slightly more than fourteen years."

There are several difficulties with this proposition. The computer printout relied upon by appellant did not contain information for 1978. It was not certified or other-

wise authenticated. It apparently had not been shown to appellee prior to trial, and when he was cross-examined about it he challenged its accuracy in a number of respects. The trial judge was not bound to accept the employer's computation which, according to appellant's brief

"... was reached by using annual average wage data published by the United States Department of Labor ...."

While the use of appellee's social security earnings record might constitute a legally acceptable method of computing length of coal mine employment, as alleged by appellant, it is certainly not the only method, nor was the trial judge bound to give conclusive effect to the contentions of the employer based upon these statistical analyses. There was substantial material evidence in the record that the length of employment in underground coal mining exceeded fifteen years, and the trial judge was clearly entitled to reach that conclusion.

Although he did not write a detailed opinion or make specific findings of fact and conclusions of law, the trial judge stated, in awarding judgment to appellee, that he relied upon *Gibson v. Consolidated Coal Co.,* 588 S.W.2d 290 (Tenn.1979). In that case the Court discussed at length and applied the provisions of the Black Lung Benefits Act of 1972, 30 U.S.C. §§ 901 *et seq.* (1972) and applicable regulations enacted pursuant thereto. These include a rebuttable presumption of total disability due to pneumoconiosis under certain circumstances.

Appellant insists, however, that the 1972 federal statute was not officially incorporated into the Tennessee Worker's Compensation Act until 1980, 1980 Tenn.Pub. Acts, ch. 739, after the decision in the *Gibson* case, *supra,* and that the Court erred in applying it in the *Gibson* case, which was decided in 1979. Whether this be accurate or not, it is sufficient to state at this point that the issue was not raised in the *Gibson* case nor was the Court's attention called to the fact that the Worker's Compensation Act, T.C.A. § 50–1102, as it existed in 1979, had not at that time been amended to include the 1972 amendment to the federal statute.

Regardless of this, however, the amendment was adopted effective April 3, 1980. The present case was not tried until October 20, 1980, although it had been filed in May 1979 and was pending at the time of the adoption of the 1980 amendment. The final judgment awarding worker's compensation benefits in the present case was not entered until April 28, 1981, after all of the issues, including the applicability of the 1980 statute, had been fully litigated.

The presumption made applicable to pneumoconiosis cases under the Tennessee Worker's Compensation Act through regulations under the Black Lung Benefits Act of 1972 is procedural in nature. It simply pertains to the length of employment and types of evidence which will give rise to a presumption. It does not affect vested contractual rights or change the amounts of benefits payable. It is true, as stated by appellant, that this Court has held on several occasions that the statute in effect on the date of a compensable accident or injury is that which controls in workers' compensation proceedings. *Royal Indemnity Co. v. Futtrell,* 585 S.W.2d 583 (Tenn.1979); *Liberty Mutual Insurance Co. v. Starnes,* 563 S.W.2d 178 (Tenn.1978). These cases, however, were concerned with the compensation rate payable to an employee, and not to mere procedural matters such as are involved here.

■ It is equally well settled in this state that statutory amendments pertaining only to procedural issues may properly be made applicable to actions then pending as well as to cases filed thereafter. *See Saylors v. Riggsbee,* 544 S.W.2d 609 (Tenn.1976); *Mid-South Milling Co. v. Loret Farms, Inc.,* 521 S.W.2d 586 (Tenn.1975).

■ We accordingly are of the opinion that whether the *Gibson* case was correctly decided or not, the trial judge in the present case was entitled to apply the 1972 federal statute and its pertinent regulations to the present case which was pending when the 1980 amendment to the state worker's compensation act was adopted.

Even if this were not so, there is no question but that the employee in the present case did engage in underground coal mining for a period of more than ten years. Under the 1969 federal statutes, which were applicable to state workers' compensation pneumoconiosis cases without question, there was a ten-year presumption of causal connection if the employee were shown to have pneumoconiosis. In the present case there was material evidence, although controverted, that the employee did in fact suffer from that disease. Only if no evidentiary weight whatever were given to the testimony of the thoracic specialist who testified for appellee could it be concluded that the employee did not suffer from this disease. This was a decision to be made by the trial judge in evaluating the conflicting medical depositions before him.

It is not the function of this Court to weigh conflicting evidence in workers' compensation cases, which are reviewed under a material evidence standard. T.C.A. § 50–1018. There is material evidence in the record which would have justified the trial judge in finding against the employee in this case, but there is also material evidence in support of the conclusion which he did reach, both as to the existence of the disease and as to the extent of disability.

The judgment of the trial court is affirmed at the cost of appellant and the cause is remanded to that court for entry of any further orders which may be necessary.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.