Charlie M. SPEARS, Plaintiff-Appellant,

v.

MORRIS & WALLACE ELEVATOR CO., Defendant,

and

Frank R. Davis and Liberty Mutual Insurance Company, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

August 3, 1984.

Application for Permission to Appeal Denied by Supreme Court Jan. 29, 1985.

ly, the issue for consideration is whether a workers' compensation insurance carrier and its employee can be classified as a "third party" under Tennessee Code Annotated § 50–914, so that a plaintiff who has received benefits from an insurance carrier under the Workers' Compensation Act may maintain a suit against the carrier and its employee in tort. The Circuit Court of Shelby County, in granting the motion for summary judgment on behalf of the carrier and its employee, held that such a suit could not be brought by the injured employee. We agree.

The plaintiff, while an employee of Memphis Furniture Manufacturing Company, suffered a compensable on-the-job injury. The plaintiff's injury occurred while he was assisting a fellow-employee in the operation of an overloaded freight elevator from a position outside the elevator. The plaintiff's neck and upper body were caught between the upper and lower gates of the elevator when it suddenly dropped due to its overloaded condition. The plaintiff underwent surgery to stabilize the vertebra and cervical regions of his spine, and since the accident he has been unable to work.

After receiving his workers' compensation benefits, the plaintiff brought this suit against Morris & Wallace Elevator Company, which was alleged to have a contract with the plaintiff's employer to maintain the freight elevator. The plaintiff alleged certain acts of common law negligence, as well as the violation of many ordinances of the city of Memphis governing the maintenance and operation of elevators. The plaintiff subsequently amended his complaint by naming as a defendant Frank Davis, the individual who had last inspected the freight elevator, and Davis' employer, Liberty Mutual Insurance Company. The amended complaint charged Davis with alleged acts of negligence in connection with the inspection of the elevator. Liability as to Liberty Mutual was asserted under the doctrine of respondeat superior. In the answer filed on behalf of Davis and Liberty Mutual, it was asserted that Davis was a certified deputy elevator inspector licensed

William M. Gotten, Memphis, for plaintiff-appellant.

Joe D. Spicer, Memphis, for defendants-appellees.

TOMLIN, Judge.

This is a case of first impression. The issue presented by this appeal, stated in its most narrow sense, is whether or not the definition of "employer" under the Workers' Compensation Act, which admittedly includes the compensation insurance carrier, shall also include the employees of the insurance carrier. Stated a bit more broad-

by the city of Memphis, and that Davis was both employed and compensated by Liberty Mutual to perform periodic inspections of various businesses which Liberty Mutual insured.

Subsequent to filing their answer, Davis and Liberty Mutual filed a motion for summary judgment with supporting affidavits. They relied upon the inclusion of the workers' compensation insurance carrier under the definition of "employer" in T.C.A. § 50–902 as authority for the proposition that suit could not be maintained as to Liberty Mutual, and that Davis was a "co-employee" of plaintiff under the act. After hearing arguments on the defendants' motion, the trial court granted summary judgment. In the trial court's order there was no explanation as to the rationale by which the court held that the action could not be maintained.

Without question, this litigation was triggered by a compensable on-the-job injury. Accordingly, we must begin by examining the code sections that determine the rights of the parties under the Workers' Compensation Law that was in effect at the date of the accident or injury. *See Liberty Mutual Insurance Co. v. Starnes,* 563 S.W.2d 178 (Tenn.1978).

■ Unquestionably, the rights of an employee subject to the Workers' Compensation Act, on account of personal injury or death by accident, are exclusively as set forth in the act, as stated in T.C.A. § 50–908 (now § 50–6–108).

More specifically, we are here concerned with the application of two sections of the Workers' Compensation Law as it existed at the time of the plaintiff's injury. The first is a portion of T.C.A. § 50–902, which reads as follows:

> *50–902. Definitions.*—In chapters 9 through 12 of this title, unless the context otherwise requires:
>
> (a) "Employer" shall include any individual, firm, association or corporation, or the receiver, or trustee or the same, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay, and in the

case of an employer engaged in the mining and production of coal, one (1) employee for pay. *If the employer is insured, it shall include his insurer, unless otherwise herein provided.* (Emphasis supplied).

The second section with which we are concerned is T.C.A. § 50–914. The relevant portion of this section reads as follows:

> *50–914. Liability of third persons . . . .* When the injury or death for which compensation is payable under the Workmen's Compensation Law was caused under circumstances creating a legal liability against *some person other than the employer* to pay damages, the injured workman, or his dependents, shall have the right to take compensation under such law, and such injured workman, or those to whom his right of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. (Emphasis supplied).

To capsulate the material facts, the plaintiff's injuries occurred under circumstances that created a legal liability in his favor against his employer. Liberty Mutual, the workers' comp carrier for the plaintiff's employer, compensated the plaintiff pursuant to a court-ordered settlement. At the time he inspected the elevator, Davis did so as an employee of Liberty Mutual. Finally, any liability of Davis to the plaintiff would create a legal liability against Liberty Mutual under respondeat superior.

■ An examination of the two above statutes in reverse order reveals that where the injury compensable under workers' compensation creates a legal liability against "some person other than the employer," the injured employee may proceed in tort against "such other person."

From a quick examination of § 50–902, if the employee's employer is insured, then under the definition section of the Workers' Compensation Law, wherever used in the statute the term "employer" shall also be construed to mean the employer's insurer.

In other words, by the express provisions of our Workers' Compensation Law, the workers' compensation insurer is equated with the employer.

While the plaintiff concedes that the definition of "employer" under the act admittedly includes the comp carrier, he contends that the definition of "employer" should not be extended to include employees of the carrier. Looking at the bottom line, we conclude that this is a distinction without a difference. Furthermore, the authorities cited by the plaintiff in support of his position can be readily distinguished.

The strongest justification for the conclusion reached by the trial court and this Court to the effect that the plaintiff cannot maintain his action in light of the provisions of our workers' compensation statute is found in Larson's highly respected work in this field. Larson describes the "fast-moving ... line of cases in which injured employees have attempted to treat the compensation carrier as a third party for purposes of tort suits, based usually on alleged negligence in either safety inspections or medical services." 2A LARSON, WORKMAN'S COMPENSATION LAW § 72.90 (1983).

Larson proceeds to state that in this particular line of cases:

> The most important single legal issue is: under a statute that does not, in its third-party or exclusive-remedy passages, plainly identify the carrier with the employer, or use language unmistakably showing intent that the carrier should not be treated as a third party, can the carrier be sued for negligence in the performance of such functions as making safety inspections or actually performing (as distinguished from paying for) medical services?

*Id.* at § 72.91.

Restating Larson's principle another way, one does not reach this point of inquiry until it has been determined whether or not the statute plainly identifies the carrier with the employer, as such a statutory equalization eliminates the need for further analysis. As Larson states: "For the sake of completeness, we may begin with statutes that virtually dispose of the issue by express language. Among these statutes ... are those of ... Tennessee." *Id.* at § 72.93. T.C.A. § 50–902(a) is cited in the footnote by Larson as authority for this statement. *Id.* at § 72.93 n. 58.

Other authorities are in accord. In 101 C.J.S. *Workmen's Compensation* § 985, (1958), it is stated: "Third persons who may be liable to an injured employee in a common law action include persons who do not bear the relationship of employer toward the injured employee, or who are not constituted employers by the statute." In 81 Am.Jur.2d *Workmen's Compensation* § 66, (1976), we read: "[I]t has been said that the term 'third person' with regard to such provisions [that allow suits by the employee in tort] means any person other than the employer or those whom the workmen's compensation act makes an employer."

In none of the three cases cited by the plaintiff, all from other jurisdictions, which reached results opposite from that reached by this Court, was the court dealing with a statute anywhere similar to ours. The two approaches elaborated upon in Larson, the conceptual approach and the functional approach, while valid in many other jurisdictions, have no value to us here in Tennessee, as the issue has been foreclosed by statute.

The definition section of the Workers' Compensation Act clearly equates and identifies the employer's insurer with the employer. While our legislature may not have had this problem in mind when it drafted this legislation, the conclusion reached in this case clearly and obviously must stem from the plain language of the statute. While the functional approach argument is a strong-sounding one, it can never be reached in light of the language in our definitional statute.

■ Accordingly, regardless of the result that this Court might have reached in this case absent statutory restraints, the legislature has mandated that the action by

the plaintiff against Liberty Mutual and its employee cannot be maintained, since under our Workers' Compensation Act Liberty Mutual is considered the plaintiff's employer, and since the plaintiff's injuries were in the first instance caused in such a manner as to create a legal liability against Liberty Mutual. Rather than holding that Davis is a co-employee of the plaintiff under the act, we merely hold that the plaintiff's suit against Davis creates a legal liability on the part of Liberty Mutual, which is forbidden by our Workers' Compensation Act.

The judgment of the court below is affirmed. Costs in this cause are taxed to the plaintiff, for which execution may issue, if necessary.

HIGHERS and CONNER, JJ., concur.