IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

RALPH E. DAVIS, JR., et ux ) C/A NO. 03A01-9811-CV-00373
CYNTHIA DAVIS, )
) HAMILTON CIRCUIT
Plaintiffs-Appellants, )
) HON. L. MARIE WILLIAMS,
v. ) JUDGE
)
ALEXSIS, INC., ) AFFIRMED
) AND
Defendant-Appellee. ) REMANDED

SAM JONES, Chattanooga, for Plaintiffs-Appellants.

JOHN THOMAS FEENEY and M. KEITH SISKIN, FEENEY & MURRAY, PLLC, Nashville, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

This is an action by a worker against an adjusting company hired by a workers' compensation carrier to manage the worker's claim.

The complaint charges that the defendant improperly stopped paying temporary total disability benefits which caused the worker to suffer serious emotional and mental injury by aggravating an underlying past traumatic stress disorder. Defendant later resumed payments.

The Trial Court granted defendant's motion to dismiss, holding that T.C.A. § 50-6-108 afforded the exclusive remedy.

Workers' compensation laws "involve a *quid pro quo* in that the workers give up certain common law rights against their employers in return for a system providing more certain compensation, totally independent of any fault on the part of the employer." *Perry v. Transamerica Ins. Group*, 703 S.W.2d 151, 153 (Tenn.App. 1985). T.C.A. § 50-6-108(a) addresses this issue:

> Right to compensation exclusive. - (a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death.

Additionally, T.C.A. § 50-6-102(4) includes an employer's insurance carrier within the definition of "employer" unless otherwise provided.

The Trial Court based her holding on *Perry*. In *Perry*, an employee sued her employer's workers' compensation carrier alleging bad faith in handling the claim, negligence, and outrageous conduct. This Court held that the exclusivity provision of T.C.A. § 50-6-108 barred her claim. The Court noted that "under our statute the insurer is equated fully and completely with the employer." *Id.* at 154. Because the acts complained of were committed by "a representative of the insurer" the Court held that, "for purposes of the statute, they were committed by a representative of the employer." *Id.* Additionally, the Court noted that the Workers' Compensation Act provided penalties for insurers who failed to pay proper compensation. *See* T.C.A. § 50-6-205.

Plaintiffs argue that *Perry* does not bar their claims. They allege that defendant was an independent contractor of the insurance company, and further contend that T.C.A. § 50-6-112 allows their claims. Under the Workers' Compensation Act, workers' compensation is the exclusive remedy, unless a third party causes the injury. *McAlsiter v. Methodist Hosp.,* 550 S.W.2d 240, 242 (Tenn.

2

1977). T.C.A. § 50-6-112 allows the injured worker to recover against a third party when the injury was caused "under circumstances creating a legal liability against some person other than the employer to pay damages . . ." The action provided by T.C.A. § 50-6-112 is in tort. *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495 (Tenn. App. 1983).

We have found no Tennessee cases directly addressing entities such as defendant. In *Malkiewicz v. R.R. Donnelley & Sons Co.*, 794 S.W.2d 728 (Tenn. 1990), the Supreme Court held that a guarantor of a self-insured employer's obligations was entitled to the same immunity from suit awarded insurers and was not a third party subject to suit. In *Spears v. Morris & Wallace Elevator Co.*, 684 S.W.2d 620 (Tenn.App. 1984), an employee injured while operating an elevator sued the elevator inspector. The workers' compensation carrier had hired the inspector. This Court determined that the claim was barred because the Workers' Compensation Act equated the insurer with the employer. The Court also stated that allowing the worker's claim would create "a legal liability" against the insurance company under respondeat superior. *Spears,* at 622. Thus, the action against the inspector could not be maintained under T.C.A. § 50-6-112.

Plaintiffs further argue that the defendant is an independent contractor whose actions would not create liability for the worker's compensation carrier. This argument may have merit for certain types of tortious conduct. In this case, however, plaintiffs' claim is barred whatever defendant's status, since defendant was discharging a non-delegable duty of the carrier.

In *Cooper v. National Union Fire Ins. Co.,* 921 P.2d 1297 (Okla. Ct. App. 1996), *cert. denied,* July 10, 1996, the Court considered the issue of a workers' compensation insurer's liability for the actions of an independent adjustor. The Court noted that "an insurer cannot avoid liability for 'bad faith' failure to pay simply

because it was due to the act of an independent contractor adjustor, given the non-delegable nature of the duty to deal fairly and in good faith." *Cooper*, 921 P.2d at 1300 (citation omitted). *Also see Holt v. American Progressive Life Ins. Co.,* 731 S.W.2d 923 (Tenn. App. 1987) (administrator's bad faith considered that of the insurance company). The foregoing reasoning is persuasive and the exclusivity provision of the Worker's Compensation Act therefore bars plaintiffs' claims.

We affirm the judgment of the Trial Court and remand at appellants' cost.

\_\_\_\_\_

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.