IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2017 Session

## CHRISTOPHER LEA WILLIAMS v. JOHN BURACZYNSKI

**Appeal from the Circuit Court for Knox County**
**No. 2-10-16     William T. Ailor, Judge**

_____

## No. E2016-01605-COA-R3-CV
_____

This appeal arises from a motor vehicle accident. Christopher Lea Williams ("Williams") and John Buraczynski ("Buraczynski") both worked for Progression Electric, LLC ("Progression"). In January 2015, Buraczynski was driving his vehicle with passenger Williams as part of a carpool arrangement when they were involved in an accident. Williams subsequently claimed he was entitled to and received workers' compensation benefits. Williams then sued Buraczynski, personally, in the Circuit Court for Knox County ("the Trial Court"). Buraczynski filed a motion for summary judgment, arguing that Williams' exclusive remedy was in workers' compensation. The Trial Court granted Buraczynski's motion. Williams appealed. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Henry S. Queener, III, Nashville, Tennessee, and, Jennifer K. O'Connell, Knoxville, Tennessee, for the appellant, Christopher Lea Williams.

Thomas M. Horne, Chattanooga, Tennessee, for the appellee, John Buraczynski.

# OPINION

## Background

This case arises from a motor vehicle accident involving two co-workers. On January 12, 2015, Buraczynski was driving Williams as part of a carpool arrangement. Both worked for Progression. The two co-workers were involved in an accident in which Williams was injured.

Williams sought and obtained workers' compensation benefits from Progression or its insurance carrier. Neither Progression nor its insurance carrier denied that Williams was in the course and scope of his employment with Progression at the time of the accident. In January 2016, Williams then filed suit against Buraczynski and Progression alleging that Buraczynski was negligent in operating the vehicle at the time of the accident. Progression filed a motion to dismiss for failure to state a claim asserting that Williams' claim against it was barred by the exclusive remedy provision of Tenn. Code. Ann. § 50-6-108(a). Williams thereafter nonsuited his claim against Progression and the case proceeded against Buraczynski. In May 2016, Buraczynski filed a motion to amend his answer to add the defenses of judicial and equitable estoppel. The motion was granted. According to Buraczynski, Williams should not be allowed to claim in this action that he was acting outside the scope of his employment at the time of the accident when Williams already had applied for and received workers' compensation benefits. Buraczynski instead argued that Williams' exclusive remedy is his workers' compensation.

In March 2016, Buraczynski filed a motion for summary judgment, which the Trial Court granted following a June 2016 hearing on the motion. The Trial Court stated as follows in its oral ruling, which was incorporated into its July 2016 final order:

> The Court having reviewed the record and the motion, as well as the response and the affidavits that have been filed, it is of the opinion that the following are the undisputed facts:
> The Plaintiff and Defendant, John Buraczynski, were riding together in Mr. Buraczynski's vehicle on their way to work. During that ride at some point, the vehicle was involved in a collision and the Plaintiff was injured.
> Later the Plaintiff made representations to his employer that he was acting in the course and scope of his employment and that the employer made a determination that the Plaintiff was in the course and scope of his employment and as a result, Workers' Comp benefits, Workers' Comp

-2-

benefits were paid to the Plaintiff by the employer's Workers' Compensation carrier.

The Plaintiff has now filed an affidavit in this matter wherein he makes statements that at the time of the wreck, he was not on Progression Electric, LLC's premises at the time of the wreck; that he was not in a vehicle owned by Progression Electric, LLC; that he was not on the clock for Progression Electric, LLC; and he was not doing what he was employed by Progression Electric, LLC to do.

The Court is of the opinion that in making a claim for Workers' Compensation benefits that the Plaintiff made admissions that are contrary to his affidavit and that TCA 50-6-108 subsection (a) reads as follows:

The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, including a minor, whether lawfully or unlawfully employed, shall exclude all other rights and remedies of the employee, the employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death.

Based on the Court's review of the statute, as well as the case law that has been presented, the Court is of the opinion that based on the *Rye* decision, the Plaintiff, I'm sorry, the Defendant has negated an essential element of the Plaintiff's complaint and, therefore, the complaint against Defendant John Buraczynski should be dismissed.

Williams timely filed an appeal to this Court.

## Discussion

We restate and consolidate the issues raised on appeal into the following dispositive issue: whether the Trial Court erred in granting Buraczynski's motion for summary judgment.[1]

As our Supreme Court has instructed regarding appellate review of a trial court's ruling on a motion for summary judgment:

---

[1] After entry of the Trial Court's order granting Buraczynski's motion for summary judgment, Williams filed a fourth amended complaint naming a third party "John Doe" driver defendant. The record appears to be silent as to whether leave to amend ever was granted by the Trial Court. Buraczynski contends that this appeal therefore is not of a final order. We disagree. As no order was entered with respect to the fourth amended complaint, and the order granting Buraczynski summary judgment adjudicated all issues in the case, we may proceed to decide this appeal.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (*citing Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

\* \* \*

[I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*. When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of

-4-

the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

Williams argues on appeal that the Trial Court erred in interpreting his decision to seek and obtain workers' compensation as evidence that he was acting in the scope of his employment at the time of the accident.[2] Buraczynski disagrees and cites to Tennessee law which he maintains establishes workers' compensation as the exclusive remedy under the undisputed facts of this case. Tenn. Code Ann. § 50-6-108(a) (2014) provides the following in regards to exclusive remedy in workers' compensation:

(a) The rights and remedies granted to an employee subject to this chapter, on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of the employee, the employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death.

With respect to recovery of damages from a third-party tortfeasor, Tenn. Code Ann. § 50-6-112 (c)(1) (2014), provides for a subrogation lien in favor of the employer as follows:

(c)(1) In the event of a recovery against the third person by the worker, or by those to whom the worker's right of action survives, by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and

---

[2] Citing Tenn. R. App. P. 27, Buraczynski argues that Williams' failure to cite properly to the record in his brief on appeal is grounds for waiver of appellate review. A party that fails to comply with Rule 27 in an appellate brief risks waiving appellate review. *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000). However, we decline to find waiver in the present case and will decide this appeal on its merits.

discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien.

This Court addressed whether a worker could bring a common law negligence action against a co-worker where the exclusive remedy provision of Tenn. Code Ann. § 50-6-108(a) applied. In *Waddell v. Ogledzinkski*, No. E2001-03131-COA-R3-CV, 2002 WL 31895580, at *8-9 (Tenn. Ct. App. Dec. 30, 2002), *no appl. perm. appeal filed*, we stated as pertinent:

> Mr. Waddell appears to argue that granting Mr. Ogledzinkski [his co-worker] immunity is contrary to the purpose of the statute as determined by the Court in *Millican*.
>
> Mr. Waddell also cites the more recent case of *Plough v. Premier Pneumatics, Inc.*, *supra*. In *Plough* an injured employee filed tort actions against some, but not all, of several allegedly negligent third parties within the one year limitation period and his employer sought to bring actions against the remaining third parties within six months of the expiration of that one year. This Court disagreed with the appellees' argument that an employer may only sue third parties when the injured employee has failed to sue any third party within one year of the injury and determined that the employer's lawsuits were permitted under the statute. Mr. Waddell references the Court's determination that in enacting the statute the Legislature intended "to place the pecuniary loss on the author of the misfortune, thus allowing both employer and employee to benefit." Mr. Waddell asserts that allowance of his negligence action against Mr. Ogledzinkski will place the pecuniary loss in this case upon the author of the misfortune in accord with legislative intent.
>
> We disagree that the Courts' analyses of legislative intent set forth in *Millican* and *Plough* require that we allow Mr. Waddell's present tort suit against Mr. Ogledzinkski. Neither of these cases sanction a common law negligence action by one employee against another for injuries arising out of and in the course of their common employment. While recognizing the legislative intent that an injured employee receive full recovery of damages and that the pecuniary loss incurred by such employee be placed on the author of his misfortune, we must at the same time recognize the competing rights and expectations acquired by a co-employee subject to the workers' compensation law. As recognized by the courts of this state, one of these rights and expectations is that such co-employee not be subject to a tort suit

by another employee for actions taken in furtherance of the employer's business.

For the foregoing reasons we affirm the judgment of the Trial Court and remand for collection of costs below.

This Court discussed exclusive remedy and third parties in relation to workers' compensation further in the case of *Ridenour v. Carman*, No. M2012-00801-COA-R3-CV, 2013 WL 1097805, at *5-6 (Tenn. Ct. App. Mar. 15, 2013), *rule 11 appl. perm. appeal denied Aug. 14, 2013*, as follows:

Workers' compensation is a "unique concept in the law," which operates to "provide quick and efficient compensation to injured workers in exchange for immunizing employers from tort liability and limiting their damages." *Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 882 (Tenn. 2005) (internal citations omitted). Tennessee Code Annotated § 50-6-108(a) of the Workers' Compensation Law states "[t]he rights and remedies to an employee subject to this chapter, on account of personal injury or death by accident, ... shall exclude all other rights and remedies of the employee, the employee's personal representative, dependents or next of kin, at common law or otherwise, on account of the injury or death." However, Tennessee Code Annotated § 50-6-108(a) "do[es] not shield everyone in the work environment under all circumstances" from liability. *Taylor v. Linville*, 656 S.W.2d 368, 369 (Tenn. 1983).

Workers' compensation is the injured employee's exclusive remedy, *unless a third party, other than the employer*, causes the injury. *Davis v. Alexsis, Inc*. 2 S.W.3d 228, 229 (Tenn. Ct. App. 1999) (citing *McAlister v. Methodist Hosp.*, 550 S.W.2d 240, 242 (Tenn. 1977)). Tennessee Code Annotated § 50-6-112(a) expressly allows the injured worker to recover against a third party under certain circumstances:

When the injury or death for which compensation is payable under this chapter was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured worker, ... shall have the right to take compensation under this chapter, and the injured worker, ... may pursue the injured worker's remedy by proper action in a court of competent jurisdiction against the other person.

The action authorized by Tennessee Code Annotated § 50-6-112(a) is in tort. *Davis*, 2 S.W.3d at 229 (citing *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495 (Tenn. Ct. App. 1983)). The policy for allowing suit against a responsible third party is that "since the third party could not have been liable for workers' compensation, he should be prepared to make the injured person whole under normal tort principles." *Posey v. Union Carbide Corp.*, 705 F.2d 833, 834 (6th Cir.1983).

Plaintiff alleges that Chad Carman was reckless, grossly negligent, or negligent on November 12, 2007, when he came upon the scene of Plaintiff's accident and failed to render aid or call for medical assistance, and instead simply loaded Plaintiff into another truck and drove him home, without taking any steps to advise anyone of Plaintiff's condition. Tennessee Code Annotated § 50-6-112(a) expressly allows an injured worker to pursue a tort remedy when the injury was caused "under circumstances creating a legal liability against some person other than the employer...." *See also Davis*, 2 S.W.3d at 229. By his own deposition testimony, Chad Carman was not an employee of the Auction Company at the time of the incident, he was merely helping his father, thus, Plaintiff's claims against Chad Carman are claims against a third party, not the employer. As a consequence, the Workers' Compensation Law does not bar Plaintiff's claim against Chad Carman. *Davis*, 2 S.W.3d at 229; *see also McAlister*, 550 S.W.2d at 242.

For the foregoing reasons, we find that Chad Carman failed to establish that he is entitled to judgment as a matter of law. Therefore, we reverse the grant of summary judgment to Chad Carman.

Williams argues on appeal that, in order for the exclusive remedy protection to apply to Buraczynski, "the undisputed facts of this case must establish Williams was employed by Progression when **the accident occurred and that the accident arose out of and in the course of his employment**." (Bold in original) Williams contends the evidence presented failed to establish those necessary conditions. Buraczynski argues, on the contrary, that Williams' actions in both seeking and obtaining workers' compensation benefits serve to cancel his current representations. Buraczysnki states that, whether under a theory of judicial or equitable estoppel, Williams is barred from bringing a negligence claim against his co-worker.[3] In response to Buraczynski's Rule 56.03

---

[3] Buraczynski submitted, as part of his motion for summary judgment, the affidavit of Barbara Mitchell, Progression's payroll manager. Ms. Mitchell stated in part: "Pursuant to the Local Union's protocol, both the Plaintiff and the Defendant were paid for travel to and from the work site at which they were working on January 12, 2015."

-8-

statement of material of facts, Williams admitted that "[a]t the time of this accident, the Defendant [Buraczynski] was an employee of Progression Electric, LLC, (hereinafter "Progression"), and was in the course and scope of his employment with Progression and was on the job, working for Progression."

Our Supreme Court has discussed and distinguished judicial and equitable estoppel as follows:

> Although this Court agrees that a party may be estopped from contradicting a sworn statement previously made or from gaining an unfair advantage by taking inconsistent positions in a legal proceeding, we do not agree with the Court of Appeals' conclusion that the doctrine of judicial estoppel should be applied in both instances. Instead, we take this opportunity to clarify that the doctrine of *judicial* estoppel is applicable only when a party has attempted to contradict by oath a sworn statement previously made. *See Allen v. Neal*, 217 Tenn. 181, 396 S.W.2d 344, 346 (1965) (noting that "[j]udicial estoppels arise from sworn statements made in the course of judicial proceedings, generally in a former litigation, and are based on public policy upholding the sanctity of an oath and not on prejudice to adverse party by reason thereof, as in the case of equitable estoppel"). In those instances where no oath is involved but the party is attempting to gain an unfair advantage by maintaining inconsistent legal positions, the doctrine of *equitable* estoppel should be applied.
>
> ***
>
> The essential elements of an equitable estoppel as related to the party estopped are said to be[:] (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) Intention, or at least expectation that such conduct shall be acted upon by the other party; [and] (3) Knowledge, actual or constructive[,] of the real facts.

*Werne*, 954 S.W.2d at 745.

*Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 315-16 (Tenn. 2009) (emphasis in original).

Williams unabashedly argues that he is entitled to have the best of both worlds in that for purposes of his workers' compensation claim, he was in the scope and course of his employment with Progression yet at the exact same time for purposes of his tort claim against his co-worker Buraczynski, he was not in the scope and course of his employment with Progression. Williams may not have it both ways. Having chosen to receive his workers' compensation benefits under the Tennessee Workers' Compensation statutes, Williams is subject to the restrictions placed on him under those same statutes. While it very well may be that "[t]he life of the law has not been logic; it has been experience,"[4] we are not required to turn a blind eye and accept the illogical argument that Williams was both in the scope and course of his employment and not in the scope and course of his employment at the exact same time.

Whether barred by a species of estoppel, or under the exclusive remedy provision of Tenn. Code Ann. § 50-6-108(a), Williams is limited exclusively to his recovery in workers' compensation. Williams may not bring this common law negligence claim against his co-worker Buraczynski for the same incident. Buraczynski has negated an essential element of Williams' claim and has shown that Williams' evidence "is insufficient to establish the existence of a genuine issue of material fact for trial." *Rye*, 477 S.W.3d at 265. We affirm the judgment of the Trial Court granting summary judgment in favor of Buraczynski.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Christopher Lea Williams, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[4] Holmes, Oliver Wendell, Jr. (1881), The Common Law: Little, Brown and Company.