**Opinion filed November 21, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00364-CR
_____

## MORRIS WAYNE THOMAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 12346-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Morris Wayne Thomas, of the second-degree felony offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2019). The trial court assessed Appellant's punishment at confinement for six years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, Appellant contends that the trial court abused its discretion by failing to hold a hearing on his motion for new trial. We affirm.

*Background Facts*

The jury convicted Appellant of engaging in sexual contact with a twelve-year-old child by touching her breast. Because the details of the offense are not germane to this opinion, we need not detail them here. After the jury found Appellant guilty, the trial court held a punishment hearing, assessed Appellant's punishment, and sentenced him in open court on December 1, 2017. On December 29, 2017, Appellant filed a motion for new trial. Appellant asserted in his motion that trial counsel was ineffective for failing to subpoena and call witnesses that could have provided exculpatory evidence. No affidavits were attached to the motion, nor did the motion contain any request for the trial court to hold a hearing on the motion. On February 9 and February 12, 2018, Appellant filed affidavits in support of his motion for new trial. The trial court did not enter a ruling on the motion for new trial; therefore, the motion was deemed to be denied by operation of law on February 14, 2018, seventy-five days after sentencing. *See* TEX. R. APP. P. 21.8(c).

Although the trial court did not conduct a hearing on the motion for new trial, the record reflects that, on February 9, 2018, the trial court conducted a hearing on Appellant's request for a free reporter's record. At no time during the February 9 hearing did Appellant notify the trial court that he desired to have a hearing on his motion for new trial. At the end of that hearing, after the trial court had ruled that Appellant would be provided with a free record on appeal, the trial court inquired if there was "[a]nything else from the defense," and appellate counsel answered: "Nothing further, Your Honor."

*Analysis*

In his sole issue on appeal, Appellant contends that the trial court abused its discretion by failing to hold a hearing on his motion for new trial. A defendant's right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176

S.W.3d 228, 230 (Tex. Crim. App. 2005). As a general rule, a trial court should hold a hearing if the motion and attached affidavits raise matters that are not determinable from the record and that could entitle the accused to relief. *Id.* However, in addition to timely filing his motion for new trial and supporting affidavits, the defendant must present the trial court with actual notice of his desire to have a hearing. *Id.* The matter of presentment of the motion for new trial involves error preservation and, therefore, should be addressed prior to reaching the question of whether the trial court abused its discretion. *Obella v. State*, 532 S.W.3d 405, 407 (Tex. Crim. App. 2017) (citing *Rozell*, 176 S.W.3d at 230).

Appellant has not shown that he presented the motion to the trial court and requested a hearing on the motion. Thus, the trial court was not required to conduct a hearing on the motion. Because there is nothing in the record before this court to suggest that Appellant notified the trial court that he wished to have a hearing on his motion for new trial, we conclude that Appellant has not preserved his issue for appellate review. *See Rozell*, 176 S.W.3d at 230; *see also Obella*, 532 S.W.3d at 407. Accordingly, we overrule Appellant's sole issue on appeal.

### *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

November 21, 2019                          CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.